# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE R. MUNOZ, | Case No. 1:15-cv-01345-BAM |
| Plaintiff, | ORDER ON MOTION TO DISMISS |
| vs. | (Doc. 28) |
| CALIFORNIA BUSINESS BUREAU, INC., | |
| Defendant. | |

Before the Court is Defendant California Business Bureau, Inc.'s ("Defendant" or "CBB") Motion to Dismiss Plaintiff George R. Munoz's ("Plaintiff') complaint for lack of jurisdiction.[1] On January 26, 2017, Plaintiff filed an opposition to the motion; to which Defendant replied on February 9, 2017. (Docs. 30, 32). The Court finds the motion suitable for resolution without oral argument and the motion hearing currently scheduled for February 17, 2017, at 9:00 a.m. is HEREBY VACATED. The matter is deemed submitted pursuant to Local Rule 230(g). Having considered the moving, opposition, reply papers, and the entire file, Defendant's Motion is DENIED.

## PROCEDURAL BACKGROUND[2]

Plaintiff sued CBB for violations of the federal Fair Debt Collection Practices Act ("FDCPA"), and the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). (Doc. 1). On November 1, 2016, the Court granted Plaintiff's motion for summary judgment and denied CBB's cross-motion for summary judgment. (Doc. 25). In the order on summary judgment, the Court set a status conference for December 1, 2016 "to discuss the issue of damages." (Doc. 25 at 21). The

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to have a United State Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment. (Docs. 4, 8).
[2] The Court dispenses with a detailed recitation of the facts as the factual background for this case is set forth in the Court's prior orders. (Doc. 25).

1

interim time was intended for the parties to work towards an agreement on statutory damages and attorneys' fees without further court intervention. The parties were unable to agree on attorneys' fees and damages, and at the December 1, 2016 status conference, the Court ordered Plaintiff, as the prevailing party, to file a motion for damages, reasonable attorneys' fees, and costs. (Doc. 27). On January 5, 2017, Plaintiff filed his motion for damages and attorneys' fees.[3] (Doc. 29). On January 4, 2017, Defendant filed this motion to dismiss for lack of jurisdiction or otherwise terminate these proceedings. (Doc. 28).

## DISCUSSION

### A.   Defendant's Motion to Dismiss

In the Motion, Defendant argues that Plaintiff's time to request damages has expired. Defendant contends that Plaintiff achieved a "judgment" on November 1, 2016, which became final when Plaintiff failed to bring a motion to alter the judgment to include allegations of "actual damages" within "the twenty-eight day jurisdictional limit" set out in Federal Rule of Civil Procedure 59(e). (Doc. 28 at 2). Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment previously entered upon motion of a party made within twenty-eight days of the entry of the judgment. Fed. R. Civ. P. 59(e). Because Plaintiff failed to file a timely motion to alter the judgment to include "'actual damages,' Defendant argues 'this Court has no jurisdiction other than to dismiss or terminate this case with no further proceedings.'" (Doc. 28 at 2, 5). Said another way, because the Court issued a "summary judgment" on November 1, 2016, without addressing the issue of damages, under Rule 59(e), Plaintiff was required to move to amend the Court's summary judgment within "twenty-eight days" of November 1, 2016. Plaintiff failed to do so, and according to Defendant, dismissal is warranted.

### B.   Plaintiff's Position

In response, Plaintiff does not dispute that his motion for damages, fees, and costs was brought more than twenty-eight days after the order on summary judgment issued. (Doc. 30 at 3). Rather, Plaintiff argues that the Court's November 1, 2016 summary judgment order was not a final judgment

---

[3]   The motion for attorneys' fees will be addressed by separate order.

because it did not determine damages.  According to Plaintiff, a final order is one that "leaves nothing for the court to do but execute the judgment." *Albright v. Unum Life Ins. Co. of Am.*, 59 F.3d 1089, 1092 (9th Cir. 1980). Here, the Court must still address the issue of damages.  Thus, Plaintiff argues, there is no final judgment and Plaintiff was therefore not under a duty to comply with the "twenty-eight day" deadline for amending a judgment under Rule 59(e).

### C. Analysis

Pursuant to Federal Rule of Civil Procedure 58, a judgment is entered by a "separate document."[4] Fed. R. Civ. P. 58.  The November 1, 2016 summary judgment order at issue here was a ruling on a motion before the Court and not an "entry of the judgment" since it was not a "judgment . . . set forth on a separate document." Fed. R. Civ. P. 58(a).  In summary judgment cases—where "Rule 58(a) requires a 'separate document,'—judgment is considered entered 'when the earlier of [two] events occurs: (1) the judgment or order is set forth on a separate document, or (2) 150 days have run from entry in the civil docket under Federal Rule of Civil Procedure 79(a).'" *Harmston v. City & Cnty. of San Francisco*, 627 F.3d 1273, 1280 (9th Cir. 2010) (citing Fed. R. Civ. P. 58(c)(2)). "Only when both" rules Rule 58 and Rule 79(a)—which tells the parties how the clerk must enter documents on the civil docket—"are satisfied is there an 'entry of judgment.'" *Radio TV Espanola S.A. v. New World Entertainment, Ltd.*, 183 F.3d 922, 930 (9th Cir. 1999). "The separate document requirement . . . exists so that the parties will know exactly when the judgment has been entered and they must begin preparing post-verdict motions." *Carter v. Beverly Hills Sav. & Loan Ass'n*, 884 F.2d 1186, 1194 (9th Cir. 1989) (Kozinski, J., dissenting).

Here, judgment has not yet been entered.  Despite Defendant's misapprehension that the final entry of judgment in this case was the Order on Plaintiff's Motion for Summary Judgment; it was not. The order granting the motion is not itself a judgment. Rule 56(a) requires that the court should state the reasons for the granting/denying the motion.  The Court did so by way of the order on November 1, 2016.  Thus, a separate judgment has not been entered as required by Rule 58; the Court has only ruled on a motion.  Given that Rule 59(e) concerns post-judgment relief, and there is no judgment

---

[4] *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1079 n.5 (9th Cir. 2011) ("[A] separate judgment was required on the order granting . . . summary judgment under Fed. R. Civ. P. 58(a)(1) . . . .").

3

here, it follows that Plaintiff has not run afoul of twenty-eight day time clock because it has not yet started.

Further, by the plain language of the Court's summary judgment order, the order was not a final entry of judgment as that order explicitly left the issue of damages unresolved. For a decision to be final, "there must be some dispositive language sufficient to put the losing party on notice that his entire action—and not just a particular motion or proceeding within the action—is over and that his next step is to appeal." *Brown v. Wilshire Credit Corp. (In re Brown)*, 484 F.3d 1116 (9th Cir. 2007). The summary judgment order at issue here gives exactly the opposite notice. It specifically recites that this Court declines to rule on Plaintiff's request for damages and attorneys' fees "at this juncture," and set a future date to resolve the amount of damages, costs, and attorney's fees to which Plaintiff is entitled. *See Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 434 (9th Cir. 1997) (order not final where "the rulings on their face demonstrate that the court contemplated further action").

Finally, while Defendant relies upon *Budinich* and *Haluch,* two Supreme Court cases, as supporting its contention that an outstanding motion for attorney's fee does not prevent a summary judgment order from being final; *Budinich* and its progeny do not address similar circumstances. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 197 (U.S. 1988) (held that a merits judgment is a final judgment for purposes of appeal even though the recoverability or amount of attorney's fees for the litigation remains to be determined"); *Haluch v. Cent. Pension Fund*, 134 S. Ct. 773, 778 (U.S. 2014) (relying on *Budinich* and holding that the pendency of a ruling on attorneys' fees does not, as a general rule, prevent the merits judgment from becoming final for purposes of separate appeal).

In each of *Budinich* and *Haluch*, the trial court entered a separate judgment as required by Rule 58(e) following a trial on the merits. *Budinich*, 486 U.S. at 197. ("A jury awarded petitioner a verdict of $5,000 (considerably less than had been sought), and judgment was entered on March 26, 1984."); *Haluch,* 134 S.Ct. 773 at 778 ("the District Court issued a memorandum and order [following a bench trial] ruling that the Funds were entitled to certain unpaid contributions… [a] judgment in favor of the Funds in the amount of $26,897.41 was issued the same day."). The question on appeal to the Supreme Court in both cases was not whether a judgment was entered, but whether a second

4

subsequent judgment on a "collateral" motion for attorneys' fees would extend the time for appeal. In answering that question, the Court adopted "a uniform rule that an unresolved issue of attorney's fees for the litigation in question [did] not prevent [the earlier] judgment on the merits from being final." 134 S.Ct at 779. (citing *Budinich*, 486 U.S. at 202).

Here, the Court is not faced with the dueling judgments contemplated in *Budinich* and *Haluch*. There is no initial entry of judgment in this case. Thus, the cases on which Defendant relies are readily distinguishable and Defendant cannot avail itself of the rules espoused in *Budinich* and *Haluch* for the purposes of a Rule 59(e) Motion to Alter or Amend a Judgment. Consequently, for the reasons stated here, Rule 59(e), is inapplicable to this action, does not constitute grounds to dismiss Plaintiff's case, and it does not bar the consideration of Plaintiff's Motion for Damages and Fees.

**CONCLUSION**

Having considered the Motion, it is HEREBY ORDERED the Defendant's Motion to Dismiss for Lack of Jurisdiction is DENIED.

IT IS SO ORDERED.

Dated:   **February 14, 2017**         /s/ *Barbara A. McAuliffe*
                                                             UNITED STATES MAGISTRATE JUDGE