UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MUNOZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA BUSINESS BUREAU, Inc.,<br><br>　　　　Defendant.<br>_____/ | Case No. 1:15-cv-1345-BAM<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY FEES AND COSTS**<br><br>(Doc. 29) |

**I.    INTRODUCTION**

Plaintiff George Munoz ("Plaintiff") brings the instant action against Defendant California Business Bureau, Inc. ("Defendant") alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.* On November 11, 2016, the Court granted summary judgment in favor of Plaintiff on his FDCPA and RFDCPA claims, but instructed the parties to address the issue of damages and attorney's fees in a separate motion. (Docs. 25, 27).[1] The parties are presently before the Court on Plaintiff's motion for statutory damages, attorney's fees, and costs. (Doc. 29). Defendant opposes the motion. (Doc. 31). The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and took the matter under submission.

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to have a United State Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment. (Docs. 4, 8).

1

(Doc. 35). Having considered the moving, opposition, reply papers, and the entire file, the Court hereby GRANTS IN PART AND DENIES IN PART Plaintiff's motion for the reasons stated below.[2]

## II. DISCUSSION

In the instant motion Plaintiff seeks an award of $81,773.40, consisting of: (1) maximum statutory damages under the FDCPA and RFDCPA in the amount of $2,000; (2) attorney's fees in the amount of $77,853.50;[3] and (3) costs in the amount of $1,919.90. In response, Defendant contends that Plaintiff is not entitled to an award of statutory damages under the FDCPA and/or the RFDCPA because there has been no showing that Defendant had a knowing intent to violate the statutes. In addition, Defendant challenges the reasonableness of Plaintiff's attorney's fees request.

### A. Statutory Damages

If a debt collector fails to comply with any provision of the FDCPA, a plaintiff may recover statutory damages not to exceed $1,000. 15 U.S.C. § 1692k(a)(2)(A). In determining the amount of liability, the court must consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Under the RFDCPA, any debt collector who willfully and knowingly violates the RFDCPA with respect to any debtor is also liable to the debtor for a penalty in such amount as the court may allow, which shall be no less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000). Cal. Civ. Code §§ 1788.30(a) and (b).

In granting summary judgment for the Plaintiff, the Court found that Defendant violated the FDCPA and RFDCPA when, following a settlement agreement between the parties in a related state court action, Defendant sent Plaintiff two separate payment reminders stating the remaining balance owed by Plaintiff on his debt obligation. (Doc. 25). The Court found that Defendant's payment reminders violated the Acts in two ways. First, Defendant erred by contacting Plaintiff despite knowledge that he was represented by an attorney; a violation of section 15 U.S.C. § 1692c(a)(2) and

---

[2] The Court assumes the parties' familiarity with the factual background of this case, which has been set forth in greater detail in the Court's summary judgment Order. (Doc. 25).

[3] This sum includes Plaintiff's initial fee request of $70,919.00 for 187.2 hours of time expended plus an additional sum of $6,934.50 for 20.1 hours expended since the filing of the underlying fee motion. (Docs. 29-1 at 27; 33 at 7).

2

its state law counterpart. Second, in viewing Defendant's payment reminders under "the least sophisticated consumer standard," the letters misrepresented Plaintiff's debt obligation by stating an amount owed in excess of negotiated settlement amount; a violation of 15 U.S.C. § 1692e.

These violations of the FDCPA and RFDCPA warrant an award of statutory damages, although not in the amounts Plaintiff seeks. While Defendant contacted Plaintiff twice, in writing, regarding the settled debt, this contact was not sufficiently frequent or egregious to suggest that Defendant's letters were intended to intimidate or harass Plaintiff. Rather, the Court found that Defendant's misconduct was largely based on its mistaken belief that Plaintiff was no longer represented by counsel once the settlement agreement was signed. As for Defendant's monthly balance reminders, the representation that Plaintiff owed more than the agreed upon settlement amount was willfully and knowingly misleading, however, Plaintiff received only two of these payment reminders over a two-month period. This conduct is therefore less serious than other harassing and threatening conduct that violates the FDCPA and RFDCPA. *See Esget v. TCM Fin. Servs. LLC*, 2014 U.S. Dist. LEXIS 8583, 2014 WL 258837, at *5, 7 (E.D. Cal. Jan. 23, 2014) (awarding maximum statutory damages where defendant "repeatedly" contacted plaintiff's place of work in an attempt to collect an alleged debt, including contacting plaintiff's supervisor and disclosing the alleged debt, and made false threats, including a threat to file a lawsuit and garnish plaintiff's wages); *Mulvihill v. St. Amant & Assocs.*, 2014 U.S. Dist. LEXIS 57422, 2014 WL 1665229, at *2 (E.D. Cal. Apr. 24, 2014) (finding nearly 20 calls, even after plaintiff instructed defendant to stop calling him, warranted maximum statutory penalty).

Given the nature and extent of Defendant's noncompliance with the FDCPA and RFDCPA, Plaintiff has failed to show that a maximum statutory damage award is warranted for these two violations. However, because Defendant sent two letters that ran afoul of the Acts, the Court finds that an award of $250 per letter be awarded under the FDCPA and the RFDCPA. *See Davis v. Hollins L.,* 25 F. Supp. 3d 1292 (E.D. Cal. 2014) (awarding $250 for a one-time violation under the FDCPA); *Mejia v. Marauder Corp.*, 2007 U.S. Dist. LEXIS 21313, 2007 WL 806486, at *11 (N.D. Cal. 2007) (concluding that $250 in statutory damages was appropriate where there was only a single collection letter and the violations of the FDCPA were not frequent or persistent). Accordingly, the Court

1  awards Plaintiff $500 in damages under the FDCPA and $500 under the RFDCPA for a total of $1,000
2  in statutory damages.

3  **B.  Attorney's Fees**

4  The Fair Debt Collection Practices Act allows a plaintiff to recover "the costs of the action,
5  together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3);
6  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). A similar award is also available
7  under the RFDCPA. *Klein v. Law Offices of D. Scott Carruthers*, 2015 U.S. Dist. LEXIS 75269, 2015
8  WL 3626946, at *2 (N.D. Cal. June 10, 2015) (citing Cal. Civil Code § 1788.30(c)).

9  The Court calculates an attorney's fees award using the "lodestar" method. *Camacho*, 523 F.3d
10 at 978. Under the lodestar method, "a district court must start by determining how many hours were
11 reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an
12 attorney of the skill required to perform the litigation." *Moreno v. City of Sacramento*, 534 F.3d 1106,
13 1111 (9th Cir. 2008). The fee applicant bears the burden of documenting the appropriate hours
14 expended in the litigation. *Klein*, 2015 WL 3626946 at *2 (*citing Hensley v. Eckerhart*, 461 U.S. 424,
15 433-34 (1983). The Court may reduce the award "[w]here the documentation of hours is inadequate,"
16 and may "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."
17 *Hensley*, 461 U.S. at 433. The Court has "'a great deal of discretion in determining the reasonableness
18 of the fee." *Camacho*, 523 F.3d at 978 (*quoting Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir.
19 1992)).

20  **1.  Plaintiff's Position**

21  Plaintiff contends that he is the prevailing party in this litigation and therefore entitled to an
22 award of reasonable attorney's fees.  As mentioned, Plaintiff requests $77,853.50 in attorney's fees
23 comprised of 207.3 hours of attorney time at hourly rates ranging from $295 per hour to $545 per hour
24 for three attorneys: Crosby Connolly, Jessica Dorman, and Robert Hyde.  (Docs. 29-11, 33-3).

4

To support these rates, Plaintiff's counsel directs the Court to several cases where they have been awarded hourly rates between $295 and $375 per hour based on expertise and experience.[4] Specifically, Mr. Connolly states that he has been engaged with consumer protection litigation for four years. *See* Declaration of Crosby S. Connolly ("Connolly Decl."), (Doc. 29-2). He also recently attended the National Association of Consumer Advocates conference which is an event that provides extensive training on consumer rights litigation, including the Fair Debt Collection Practices Act. Connolly Decl. at ¶ 23. Practicing for four years, Ms. Dorman states that her extensive experience practicing FDCPA law justifies her requested $345 rate. *See* Declaration of Jessica R. K. Dorman ("Dorman Decl."), (Doc. 29-4). Finally, Mr. Hyde, a founding partner of the prevailing law firm Hyde & Swigart, was admitted to practice in 2003 and he has practiced consumer law for over thirteen years. *See* Declaration of Robert L. Hyde ("Hyde Decl."), (Doc. 29-3). Plaintiff's counsel also introduces the declarations of consumer protection attorneys Stephen Recordon and Clinton Rooney, as well as the 2013-2014 United States Consumer Law Attorney Fee Survey Report, by Ronald L. Burdge to support their respective rates. (Doc. 29-9, Exh. B).

In support of the hours expended, Plaintiff attaches itemized billing records which contain descriptions of the activities performed by Plaintiff's counsel and the time expended. (Docs. 29-9). The billing records reflect that Mr. Connolly expended 82.1 hours, Ms. Dorman expended 52.9 hours, and Mr. Hyde expended 52.2 hours during the course of this litigation. *Id.* Additionally, Ms. Dorman seeks supplemental fees for an additional 20.1 hours spent since the filing of the underlying fee motion. (Doc. 33-3 at 8).

Plaintiff asserts that both the number of hours expended and the respective hourly rates are reasonable based on counsels' qualifications and experience. Plaintiff further contends that he is entitled to an award of costs in the amount of $1,919.90 for out of pocket expenses occurred in bringing this action.

---

[4] Mr. Connolly has been approved by the Eastern District of California at an hourly rate of $295. *See Lyon v. Bergstrom Law, Ltd.*, Case No. 1:16- cv-00401-DAD-SKO, 2016 U.S. Dist. LEXIS 152148, 2016 WL 6522746 (E.D. Cal. Nov. 2, 2016). Jessica Dorman has recently been approved by the Los Angeles County Superior Court in an FDCPA class action at an hourly rate of $375 in *Scheuerman v. Vitamin Shoppe*, Case No. BC592773. (Doc. 33-2, Ex. D). Mr. Hyde does not direct the Court to any cases where he was awarded an hourly rate of $545 per hour.

### 2. Defendant's Position

Defendant raises one primary objection to Plaintiff's billing records. Defendant contends that the hours and fees claimed by Plaintiff's counsel are unreasonable because the decision to staff three attorneys on this "comparatively simple area of law" resulted in excessive conferencing and duplicative efforts. (Doc. 31 at 6). As an example of overstaffing, Defendant argues that "Jessica Dorman and Crosby Connolly attended the depositions, but yet Crosby Connolly did nothing but watch." (Doc. 31 at 6). Defendant also asserts that time spent by the three attorneys consulting with each other resulted in duplicative work. As a result, Defendant argues that the Court should discount all the hours expended by Ms. Dorman and Mr. Hyde and only award compensation based on the 82.1 hours expended by lead attorney Mr. Connolly.

In reference to Plaintiff's counsels' proposed hourly rates, Defendant argues that the Court should not credit the declarations submitted by outside attorneys Stephen Recordon and Clinton Rooney as lacking merit to support Plaintiff's counsels' hourly rates.

As a final matter, Defendant does not appear to challenge the amount requested in costs.

### 3. Reasonable Hourly Rate

Having considered the moving papers, arguments and relevant lodestar factors, the Court finds that the requested amount of attorneys' fees should be reduced. The primary basis for such a reduction is the Court's determination that counsels' requested hourly rates are unreasonable because the evidence submitted by Plaintiff does not justify an hourly rate between $295-$545.

A reasonable hourly rate is not defined by reference to the rates actually charged by the prevailing party." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). Rather, reasonable fees must be calculated based on the prevailing market rates charged by "attorneys in the relevant community engaged in 'equally complex Federal litigation.'" *Van Skike v. Dir., Off. of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009).

Here, Plaintiff cites one case in the Eastern District approving Mr. Connolly's $295 hourly rate—a case awarding Mr. Connolly $1,475.00 in discovery sanctions (5.0 hours) for prevailing on a discovery motion. *Lyon v. Bergstrom Law, Ltd.*, No. 1:16cv0401DAD-SKO, 2016 WL 6522746, at *1 (E.D. Cal. Nov. 2, 2016). None of the other cases cited by Plaintiff granting a fee request in excess of

$295 per hour are from the Eastern District. In other words, each case counsel has previously been granted a rate in excess of $295 reflects the prevailing rates of other communities, not the Eastern District.

The Court similarly is not persuaded by Plaintiff's reference to the United States Consumer Law Attorney Fee Survey Report, nor the declarations of Stephen Recordon or Clinton Rooney. These exhibits do not demonstrate that Mr. Recordon, Mr. Rooney, Plaintiff's counsel, or any other FDCPA practitioner in the Eastern District has been awarded an hourly rate over $295.

To the contrary, the Court's review of some of the most recent attorney fee awards in FDCPA cases indicate that the most common hourly rate awarded to Plaintiff's counsel in FDCPA cases is $250 with a maximum of $300-$315 for the most experienced attorneys. *See, e.g., Miranda v. Law Office of D. Scott Carruthers,* No. 1:10-CV-01487-BAM, 2012 U.S. Dist. LEXIS 2866, 2012 WL 78236, at *7 (E.D. Cal. Jan. 10, 2012) ("The Court's review of some of the most recent attorney fee awards in FDCPA cases indicate[s] that the most common hourly rate awarded to plaintiff's counsel in FDCPA cases is $250."); *Alonso v. Blackstone Fin. Group. LLC,* 2014 U.S. Dist. LEXIS 24677 (E.D. Cal. Feb. 25, 2014) (average rate awarded in FDCPA cases is $250 per hour but awarding $300 per hour to attorney with 35 years of experience); *Valero v. Bryant, LaFayette and Associates, LLC*, 2011 U.S. Dist. LEXIS 40578, 2011 WL 1438436 (E.D. Cal. 2011) ($250); *Brablec v. Paul Coleman & Associates, P.C.*, 2010 U.S. Dist. LEXIS 4500, 2010 WL 235062 (E.D. Cal., 2010) ($250); *Hartung v. J.D. Byrider, Inc.*, 2009 U.S. Dist. LEXIS 54415, 2009 WL 1876690 (E.D. Cal., 2009) ($250).

According to counsels' declarations, Mr. Connolly and Ms. Dorman have approximately four years of experience, and Mr. Hyde thirteen years of experience all devoted primarily to consumer protection litigation. Counsels' proposed rates are therefore well outside the prevailing market rates for attorneys with comparable experience in Fresno. As addressed above, courts in the Eastern District repeatedly have found $250 per hour to be a reasonable rate for attorneys with less than fifteen years of experience bringing actions under the FDCPA. Further, while the Court accepts that Plaintiff's attorneys have specialized experience in consumer protection litigation, this case did not involve complicated legal or factual issues. Indeed, the present case was relatively simple and not an exceptional case meriting a higher fee. While the Court has identified cases in which FDCPA

practitioners were awarded $300-$315 hourly rates, *see e.g., Costa v. National Action Financial Services*, 2008 U.S. Dist. LEXIS 35339, 2008 WL 1925235 (E.D. Cal., 2008) ($315); *Johnson v. JP Morgan Chase Bank, N.A.*, 2010 U.S. Dist. LEXIS 133096, 2010 WL 4977648 (E.D. Cal., 2010) ($300), those awards are outliers reserved for those FDCPA practitioners with the highest degree of skill, experience and reputation.

Thus, in light of counsels' comparatively shorter experience and the minimal complexity of this case, there is nothing to justify awarding or exceeding the maximum hourly rate found to be reasonable in non-class action FDCPA cases in this district. Considering these factors, rate determinations for similarly skilled and experienced counsel in other cases in this forum, and this Court's own knowledge of the local value of legal services comparable to those rendered here, a reasonable hourly rate for Mr. Connolly, Ms. Dorman, and Mr. Hyde is $250 per hour, respectively.

### 4. Hours Reasonably Expended

With regard to the time and labor required, the Court has reviewed the billing records submitted by Plaintiff's counsel and finds that, with two exceptions, the number of hours expended to be reasonable. First, a review of counsels' billing records reveals that counsel billed over 10 attorney hours for interoffice conversations between all three attorneys to discuss case status or strategy. While it is reasonable to spend some time coordinating legal resources, it is not reasonable to double or triple-bill a client for internal meetings, many of which appear to be for partner, Mr. Hyde, to provide instructions to his junior associates, Mr. Connolly and Ms. Dorman. *See Gauchat-Hargis v. Forest River, Inc.*, No. 2:11-cv-02737-KJM-EFB, 2013 U.S. Dist. LEXIS 128508, 2013 WL 4828594, (E.D. Cal. Sep. 6, 2013) (finding it unreasonable for partners and associates to collectively "triple-bill" a client for attending internal meetings).

For example, on June 16, 2016, Mr. Connolly and Ms. Dorman each billed .4 hours to "speak with Robert Hyde" about "opposing counsel's summary judgment letter." (Doc. 29-8, Exh. A at 4). Mr. Hyde billed a slightly longer .6 hours for that same meeting ostensibly in preparation to provide Mr. Connolly and Ms. Dorman further instruction at the meeting. Given the triple-billing here for these kinds of internal communications, the Court agrees with Defendant that such charges are excessive. *See Chalmers*, 796 F.2d at 1211 (The court may reduce those hours where a case is

8

overstaffed and hours are duplicated and where the hours expended are deemed to be excessive). Thus, while the billing of 3.3 hours to conduct strategy meetings by Mr. Hyde was reasonable, the additional duplicative billing to attend those meetings was not. Accordingly, the Court will deduct the 3.3 hours each spent by Ms. Dorman and Mr. Connolly to attend meetings with co-counsel for a total reduction of 6.6 hours.

Second, the Court has reviewed Plaintiff's request for fees-on-fees[5] and finds the requested award excessive. Along with the work performed on the merits of this case, Plaintiff billed approximately 32.8 hours for preparing and drafting the underlying fee motion and reply (24 hours to draft the motion and 8.8 hours for the reply). (Doc. 29-8 at Ex. A at 9-10; Doc. 33-3, Ex. E at 3). Plaintiff is entitled to recover attorney's fees for time reasonably expended on a motion for attorney fees and costs, however, an inflated request for a "fees-on-fees" award may be reduced to an amount deemed reasonable by the awarding court. *See Brown v. Sullivan*, 916 F.2d 492, 497 (9th Cir.1990); *Jadwin v. County of Kern*, 767 F.Supp.2d 1069, 1140 (E.D. Cal. 2011) (denying attorney's motion for "fees-on-fees" due to lack of a reasonable basis for such an award).

Defendant does not contend that any specific time entry relating to attorney's fees is excessive however; an independent review of the billing records reveals that the time spent pursuing fees is disproportionate to the time spent litigating the merits of this case. For comparison, whereas Ms. Dorman dedicated 32.8 hours in pursuit of fees in this matter, counsel expended approximately 36.4 hours drafting the summary judgment motion and reply. (Doc. 29-8 at Ex. A at 9-10; Doc. 33-3, Ex. E at 3). While Courts in the Ninth Circuit reject the notion that an automatic reduction in fees is warranted where the time spent on litigating fees begins to approach the time spent litigating the case's merit, the Court must still determine the reasonable number of hours expended in light of the issues and tasks involved. *See Golden Gate Audobon Soc'y, Inc. v. United States Army Corps of Eng'rs*, 732 F. Supp. 1014, 1021-22 (N.D. Cal. 1989).

Here, while the time expended on litigating the summary judgment and fees was similar, the fee motion is far less complex. Indeed, the issues raised in the fee motion are not novel or difficult—a

---

[5] Fees for time spent litigating the fees motions.

1 fact further demonstrated by Defendant's meager six-page opposition to the fee motion. (Doc. 31).
2 Further, the fee motion and supporting documents contained a high degree of duplication and a large
3 amount of boilerplate. Thus, because the motion was not particularly complicated, it does not warrant
4 essentially the same amount of effort expended on the motion for summary judgment. As a result, the
5 Court finds the fees sought on the fee motion to be excessive. Accordingly, the Court reduces the time
6 spent by Ms. Dorman preparing and drafting the fee motion and reply by 10 hours.

7 Finally, although Defendant challenges the duplicative attendance of Ms. Dorman and Mr.
8 Connolly at the deposition, having two attorneys present at a deposition is not necessarily duplicative,
9 especially if the deponent is a key witness. *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 743 F. Supp.
10 2d 1136, 1157 (C.D. Cal. 2010) ("[D]ivision of responsibility may make it necessary for more than
11 one attorney to attend activities such as depositions and hearings."). Although the Ninth Circuit has
12 instructed courts to "examine with skepticism claims that several lawyers were needed to perform a
13 task," it has also emphasized that staffing multiple lawyers on a single task is not by itself evidence of
14 excessive billing. *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004); *see
15 also Moreno*, 534 F.3d at 1113 (emphasizing that "[f]indings of duplicative work should not just
16 become a shortcut for reducing a fee award without identifying just why the requested fee was
17 excessive").

18 Here, the record reflects that on March 15, 2016, Mr. Connolly and Ms. Dorman billed 8.1
19 hours each to "travel and attend" the depositions of two of Defendant's employees. (Doc. 29-8, Exh. A
20 at 4). The Court is familiar with the issues in the case and finds that in light of the significance of the
21 testimony of Defendant's employees, it was reasonable for both Ms. Dorman and Mr. Connolly to
22 attend these depositions. *PSM Holding Corp.,* 743 F. Supp. 2d at 1157. Further, it is not duplicative
23 to have a second attorney serve as a sounding board or be present to assure that valuable testimony is
24 obtained during the limited time allotted in a deposition. *See Moreno*, 534 F.3d at 1112 ("By and
25 large, the court should defer to the winning lawyer's professional judgment as to how much time he
26 was required to spend on the case; after all, he won, and might not have, had he been more of a
27 slacker"). The Court, therefore, does not reduce Plaintiff's requested fee based on duplicative
28 attendance at the depositions.

Having considered all the relevant factors, the Court finds that of the requested 207.3 hours, 190.7 hours of attorney time was reasonably expended in litigating this case. This reflects a deduction of 3.3 hours of Mr. Connolly's requested 82.1 hours for duplicative interoffice conferences and a 13.3 hour deduction of Ms. Dorman's 73 hours for 3.3 hours of similar interoffice conferences and 10 hours of excessive work on the fee application. Given these deductions, the Court will award counsel a total fee award of $47,675.00.

**C.     Costs**

Plaintiff seeks $1,919.90 in costs and has submitted a statement of itemized costs in support of his request. (Doc. 29-8). Plaintiff seeks reimbursement for filing fees, travel costs, service fees, and court reporter fees. (Doc. 29-8). Defendant has not challenged any item of costs. Having reviewed Plaintiff's statement of costs, the Court finds that the costs Plaintiff seeks to recover were reasonably incurred and recoverable. *See Garcia v. Resurgent Capital Services*, L.P., 2012 U.S. Dist. LEXIS 123889, 2012 WL 3778852, at *12 (N.D. Cal. 2012) ("in FDCPA cases, 'expenses that are generally charged to paying clients may be awarded, even though they are not normally taxable as costs.'"). Accordingly, Plaintiff's motion for costs in the amount of $1,919.90 is GRANTED.

**III.    CONCLUSION**

Based on the foregoing, Plaintiff's motion for an award of statutory damages, attorney's fees, and costs is GRANTED IN PART AND DENIED IN PART. Plaintiff is awarded a total amount of $50,594.90, comprised of $500 in statutory damages under the FDCPA; $500 in statutory damages under the RFDCPA; $47,675.00 in reasonable attorneys' fees; and $1,919.90 in costs.

The Clerk shall enter judgment and close the case file.

IT IS SO ORDERED.

Dated:   **July 14, 2017**                    /s/ *Barbara A. McAuliffe*
                                                               UNITED STATES MAGISTRATE JUDGE

11